UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| PATRICK JAY JACKSON, | Case No. 16-CV-0437 (ADM/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| DEPARTMENT OF VETERANS AFFAIRS; JOHN DOE, Employed by Department of Veteran Affairs; and MARY ROE, Employed by Department of Veteran Affairs | |
| Defendants. | |

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2]; Plaintiff's Motion to Appoint Counsel, [Docket No. 3]; and Plaintiff's Motion to Reopen Disability Appeal, [Docket No. 3].

Plaintiff Patrick Jay Jackson is a veteran of the United States Army seeking veterans' benefits for an injury that he alleges he suffered three decades ago during the course of his service and that he alleges was further aggravated by negligence on the part of the dentist employed by the Army to operate on his injuries. The Department of Veterans Affairs denied a recent claim from Jackson for veterans' disability benefits, and Jackson now seeks judicial review of that denial. Jackson did not pay the filing fee for this case, but instead applied to proceed *in forma pauperis* ("IFP"). *See* Docket No. 2. That IFP application is now before the Court, and it must be considered before any other action is taken in this matter.

Based on the information provided by Jackson in his IFP application, the Court finds that Jackson qualifies financially for IFP status. However, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the Complaint, the Court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As an initial matter, this Court notes that Jackson seeks relief under 42 U.S.C. § 1983. But § 1983 applies only to state actors, not federal actors such as the Department of Veterans Affairs and its employees. *See Richards v. Federal Bureau of Prisons*, No. 06-CV-3356 (MJD/FLN), 2007 WL 2199108, at *4 (D. Minn. July 27, 2007). Litigants may still bring some claims of constitutional deprivations against federal officials, as recognized by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), but the scope of *Bivens is* more limited than that of § 1983. For example, although § 1983 actions can be brought against certain governmental entities, *see Monell v. Dep't of Soc. Services*, 436 U.S. 658 (1978), *Bivens* actions are limited to suits

against federal agents, not federal agencies. *See Carter v. United States*, No. 4:02CV1256 ERW, 2003 WL 24472515, at *5 (E.D. Mo. Apr. 25, 2003) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994)). Thus Jackson cannot bring a *Bivens* claim against the Department of Veterans Affairs.

Further, *Bivens* actions are unavailable where Congress has provided an alternative remedial scheme for the injury alleged, even if that remedial scheme is limited or less than complete. *See Schweiker v. Chilicky*, 487 U.S. 412 (1988) (relief under *Bivens* not available for allegedly improper denial of social security benefits); *Krueger v. Lyng*, 927 F.2d 1050 (8th Cir. 1991); *McIntosh v. Turner*, 861 F.2d 524, 526 (8th Cir. 1988). Here, Congress has provided for an alternative remedy scheme separate from *Bivens* — the administrative procedures through which claims for veterans' benefits are typically adjudicated. This alternative remedy scheme precludes an action under *Bivens* for denial of veterans' disability benefits. *See* 556 F.3d 865, 869-70 (8th Cir. 2009); *Hicks v. Small*, 69 F.3d 967, 969-70 (9th Cir. 1995).

Nor does it appear that there is any other means of judicial review available for Jackson. Unlike, for example, claims for denial of social security benefits, *see* 42 U.S.C. § 405(g), judicial review was made expressly unavailable by Congress for claims of denial of veterans' disability benefits. *See* 38 U.S.C. § 511; *Mehrkens*, 556 F.3d at 869-70. Simply put, the Court lacks subject matter authority to review Jackson's allegation that his claim for veteran's benefits was wrongfully denied by the Department of Veterans Affairs. Because it is clear that Jackson will be unable to amend his Complaint to state a viable claim for relief, it is recommended that this matter be dismissed with prejudice.[1]

---

[1]To the extent that Jackson attempts to bring state-law claims in this action, he has failed to allege facts showing that diversity of citizenship exists between him and each of the
(continued...)

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The complaint be **DISMISSED WITH PREJUDICE**;

2. Plaintiff Patrick Jay Jackson's application to proceed *in forma pauperis,* [Docket No. 2], be **DENIED**;

3. Jackson's Motion to Appoint Counsel, [Docket No. 3], be **DENIED** as moot; and,

4. Jackson's Motion to Reopen Disability Appeal, [Docket No. 3] be **DENIED** as moot.

Dated: March 17, 2016            s/Leo I. Brisbois
                                 Leo I. Brisbois
                                 U.S. MAGISTRATE JUDGE

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

---

[1](...continued)
defendants to this action (including the John Doe defendants, who   like Jackson   appear to be citizens of Minnesota). Accordingly, this Court recommends that supplemental jurisdiction not be exercised over any such state-law claims that might be implied from a liberal reading of the complaint. *See also Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008) (noting that courts should not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal claims are dismissed prior to trial).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.